The first case today is 14-2137, United States v. Ernest Fields. Good morning. Good morning, Your Honors. Judith Meisner, representing Ernest Fields. I'd like to reserve three minutes for rebuttal, if I may. Yes. Thank you. This Court has – we're here to address the question of the impact of the Johnson decision on a number of Massachusetts predicates. This Court has accepted a government's concession that the Johnson – what we call the Johnson 2 decision, the 2015 decision, applies to the sentencing guidelines, but has not yet decided this issue. Both parties agree that it does, and if the Court has not made up its mind, I will address that issue. It's true that we have accepted your Johnson concession and sent it to the district court in several other cases. One of our problems is that there is law out there which is contrary to the government's position, and we're very reluctant to make law where there is no opposition stated before us. I'm not quite certain why we should change that practice. Perhaps you could address that. Well, this Court has not addressed – there is no decision from this Court that it does apply. We're well aware of that, and it's deliberate. I think that the government's concession that it does apply is an indication of a consensus, at least within the government and with the defense bar, that Johnson does apply to the guidelines analytically. The Supreme Court in Johnson itself discussed a number of guidelines cases in describing the disarray created by the residual clause, and it remanded a number of cases to the courts of appeals that were guidelines cases for reconsideration. The Madrid, the Tenth Circuit case, we think got it right. The ACC and guidelines clauses are identical. The courts routinely have applied the same analysis to both clauses, and this Court has said that there is no principal difference between enhancements under the ACCA and increases under the guidelines. And Johnson, in its vagueness analysis, focused on the arbitrariness and judicial inconsistency from the lack of any principled way of determining whether or not a predicate was or was not a crime of violence, which is something that Matchett, the Eleventh Circuit case, entirely ignored. Why don't we do this? Let's just assume hypothetically that the Court will take your view of Johnson. What effect does that have on the sentencing in this case? Well, it has an effect, we argue, on all three of the predicates that we're addressing, assault and battery of conviction, Okay, can we go through the three and you can describe it for us? We shall. I recognize that this Court decided in Wendleton that assault with a dangerous weapon is categorically a crime of violence under the Elemental or Force Clause, and note that the petition for rehearing en banc is still pending there because this panel is bound by the law of the circuit. To follow Wendleton, I'm going to first address the assault and battery with a dangerous weapon offense. After Johnson, the residual clause is no longer there. The enumerated offenses do not include assault and battery with a dangerous weapon, so we are looking at the Elemental or Force Clause. whether ABDW has as an element the use, attempted use, or threatened use of physical force against the person of another, and that brings into play two prior decisions from the Supreme Court. First, Johnson 1, Curtis Johnson, decided in 2010 which addressed what is the physical force that is necessary in the Elemental Clause, and it rejected the common law use of just an intentional touching as sufficient, saying that in this case we're construing a provision that talks about violence, of the violent felony, and that for that you needed violent physical force, that this intentional touching was not enough, that it had to be force that was capable of causing physical pain or injury to another person. And then the third case that comes into play is de Camp, which addresses what are elements of an offense, and in de Camp they reiterated that an element is a fact that the jury must find unanimously and beyond a reasonable doubt in the federal system, and it also talked about when offenses were indivisible and went overbroad and what the ramifications of that would be. Massachusetts ABDW has been, is not statutorily defined. The Massachusetts statute simply says if you commit assault and battery with a dangerous weapon, then you have, you get sentenced to certain, within certain parameters. So we look to Massachusetts judicial decisions for defining what ABDW is, and in Appleby the SJC said that it's the intentional and unjustified use of force upon the person of another, however slight, by means of a dangerous weapon. In Ford, the court said it requires the intent to commit an assault by means of a dangerous weapon and touching with that intent, not just intentionally doing the act resulting in the touching. The court has also divided assault and battery into two theories, intentional and reckless. Reckless is the intentional commission of a reckless act causing physical or bodily injury, and intentional is doing it with the intent to commit the offensive, the touching, however slight. Just on that point, you agree that with respect to recklessness, it is divisible? No, we think that... Isn't there an extra element when it's reckless just on your own account because you have to show bodily injury? Yes. And when it's intentional you do not? That's right. So doesn't that make it divisible, at least in that respect? It makes it separate offenses. Yes. But the question is whether it is, it may still be just overbought as in day come, where... With respect to recklessness. With respect to assault and battery with a dangerous weapon entirely. Well, that I don't understand because if it's possible, if, there's a couple different arguments. There's one that you seem to be making, which is ABDW, because it affects just slight touching, is overbought categorically. Wendleton seems to go against that. Okay? So putting that to one side, you also are making an argument that it's overbought because of recklessness. Yes. Right? Or it doesn't fit the force clause because of recklessness. Yes. What I'm asking is, isn't ABDW divisible along the lines of mens rea in the sense that there is a separate offense for intentional ABDW, for which you have to prove, no, you don't have to prove bodily harm. And then there is reckless ABDW, for which you do have to prove bodily harm. So that under DECAMP, you'd have to check the separate documents to see was this reckless or was this intentional? You do have the two theories, but the question is, in looking at, in employing an elemental analysis, the question is what does the jury have to find? And Massachusetts says that a jury need not make a finding as to whether assault and battery was intentional or reckless. They can use a mistretta. What case says that? What's the case? Commonwealth v. Mistretta. How do you say the? M-I-S-T-R-E-T-T-A. It's cited in the brief. Okay. And the Massachusetts courts have also said you don't need to, the jury need not distinguish between harmful or offensive. What case says that? Davis, again, is cited in the brief. That's Commonwealth? Commonwealth v. Davis. And Commonwealth v. Porro says that the jury doesn't have to make a distinction between attempted or threatened battery. So since the jury need not make that determination, you don't know what's. Well, Porro, though, is only dealing with the assault aspect of it. Here we've got assault and battery. So with respect, Porro does not hold that there's no distinction between harmful and offensive touching. You're saying that comes from Davis? Yes. The jury don't have to agree on that. It's not that there is a difference. I understand, but the jury is not an element. That's right. The jury does not have to make that unanimous decision. So if the jury doesn't have to make the unanimous decisions, then. Can a jury get instructed separately so that even though it doesn't have to if it's not instructed, in some cases it is instructed and so it becomes an element? It could be, but we're talking about looking at the statute, at the definition of the. But that's not your business. Your business is supposed to look at how does state law treat the offense, which seems right. Right. So I'm saying that state law treats it generally as the jury doesn't have to make a determination. But are there jury instructions out there in which sometimes they do instruct on the nature of the touching? Not on the nature of the touching. Whether it was an offensive touching or reckless, either one. I believe that I have, that there is a note, an application note, in one of the Massachusetts jury instructions that says if the court, if the defendant requests that the court can instruct on the difference between reckless and intentional and the jury should make a judgment. And what about with respect to the nature of the touching? I have not seen any instructions that divide in that manner. And on the point about the jury instructions about recklessness versus intentional, what's your position if the record showed that in fact the conviction at issue here was one in which the jury had been instructed as to intentional rather than recklessness? Would that mean therefore it's not overbroad and that that conviction could qualify? Well, I think our position is that the statute is overbroad. Even in the circumstance I'm talking about where there was an instruction? Yes, because you don't look at the documents underlying the case until you have determined that you have a divisible statute. But if the court does find that it's divisible, then yes. You would look at the documents to be the government's burden to establish that the documents showed that it was the intentional rather than the reckless form. So I have exceeded my time. I would just on the suppression issue ask the court to take that on the briefs. Thank you. Judge Turayan, may it please the court. Mark Quinlivan on behalf of the United States. Good morning. Good morning. If I might begin with Judge Barron's question. In our view, the court doesn't need to decide whether ABDW is divisible in this case, because in our view it qualifies under the force clause under either theory. But let me just answer your question as to why in our view it is a divisible crime. First off, it's clear by Massachusetts case law that there are two distinct theories that have different elements and different mens reas as well. With respect to the so-called intentional form, the defendant must intend the conduct underlying the act and intend the touching, but not intend the resulting harm. And as you noted, there doesn't have to be any showing of bodily harm that resulted. Under the reckless theory, by contrast, the defendant intends the conduct, but doesn't necessarily intend the touching or the resulting harm, and there has to be a showing that bodily harm resulted. And there are Massachusetts instructions that distinguish between those two theories. My friend is correct that the courts have said that juror unanimity isn't necessarily required, but the Massachusetts courts have made clear that they have to be instructed correctly as to those elements and that if a defendant requests the unanimity instruction, my understanding is that it has to be given. But if they're not instructed, then there's no problem if there's no unanimity? Well, it's just that yes and no. Under Mastretta, I believe that is the case. So doesn't that mean necessarily it's not an element? No, I don't think so. How could it be otherwise? Well, I think the courts of appeals that have addressed this have said that unanimity is only one element or one of the things that you look to in deciding whether something is divisible. You look to whether it first off, preliminarily, whether either by statute or by case law, the elements are set out differently. No, I understand all that. But at the core of it, if a jury doesn't have to find it, how can it be an element? Because, Judge Barron, I think Decompte itself suggests that juror unanimity itself isn't the touchstone of the. . . It doesn't address the question. Well. . . The dissent addressed the question. The dissent says you're going to have a huge problem figuring out whether these are divisible because in some states they say that you don't have to have juror unanimity even when it's separately set out because those are just means rather than elements. And, Judge Barron, I would suggest in a case in which a jury isn't separately instructed as to the different theories, then if . . . and it's a jury case, by definition, there is not going to be a Shepard-approved document showing which form it was committed. That doesn't necessarily mean, though, that it's not divisible itself. During a guilty plea, for example, the prosecutor could state the offense in a certain way and the defendant admits to it. But if it's not an actual element, what does it matter that they admitted to it? They're not admitting to that element. And under Massachusetts law, the SJC has clearly set out that these different theories are elements of a different offense. That's what I was going to ask you. What's the case law on that? The case law, and it's cited in our brief, it's several different decisions, Commonwealth v. Appleby, Commonwealth v. Burke, Commonwealth v. Ford. All of them set out the elements of these two distinct theories of ABDW. And as I've noted, they're different both in terms of the mens rea that's required that the Commonwealth show and the reckless form requires a showing of bodily harm, which is not required with respect to the so-called intentional harm. And you take the same position along the lines of the touching? In other words, is it clear, is there a similar case law that suggests that it's an element, the nature of the touching? On ABDW, Judge Barron, actually that's one distinction, and that's one area in which ABDW is different from simple assault and battery. Because simple assault and battery under the intentional form, there can either be a harmful battery or the so-called offensive touching. And an offensive touching requires, as an element, lack of consent by the defendant. But the SJC in Commonwealth v. Burke made clear that no one, as a matter of public policy, can consent to an assault or a battery by means of a dangerous weapon. So there is no so-called offensive touching form of the intentional form. Even a touching, however slight, because a dangerous weapon is capable of causing serious bodily injury harm, even a touching, however slight, constitutes an ABDW, and it would satisfy the Johnson 1 requirement that the physical force be capable of producing physical pain or injury. And that's why, in your view, Wendleton is correct? Wendleton is correctly decided. And I would just add, Judge Lynch, that remember, the physical force clause requires the use, attempted or threatened use, of physical force. ABDW is a lesser included offense of the intentional form of ABDW. So even before you get to the battery, you already have the physical force requirement per Wendleton has already been satisfied. Okay, that's all on the intentional side. That's right. Okay, if we go to the recklessness side for a second, two questions that I just want to clarify. Certainly. One, the extra element of intended harm that you say applies in the context of reckless ABDW. That's right. Does that also apply to reckless ADW? No, because. So what does that then do for your argument about whether it's divisible or not with respect to ADW? Well, I mean, we didn't address in our brief because the question about divisibility wasn't raised in the opening brief. ADW doesn't have a reckless form. By definition, the reckless form requires bodily harm to have resulted. That means that it's a completed battery. Assault with a dangerous weapon is, by definition, an uncompleted battery. So that cannot be committed recklessly? That's right. That's right. It's either the attempted or threatened use of physical force. So the reckless theory plays no part with respect to ADW. Okay. The point we make about the reckless theory with respect to ABDW is that it's not a crime or an offense that has a mens rea of mere recklessness because, as I've noted. But you intend the. That's right. But can I just ask on that question because Wendleton doesn't deal with the recklessness issue expressly. Right. And the thing that's troubling me is, although there is intended activity, there are all these cases, Castleman and after, which suggest that when you look at the text of the force clause, it's hard to think of accidental uses of force against another. Right? That's right. And so what is your answer to that with respect to ABDW? Because it doesn't seem to me sufficient to just say that some activity was intended. What has to be intended is the use of force against another. And how can that be true in a case in which all the only mens rea is recklessness? Well, and two answers, Judge Barron. First off, it's satisfied because under Massachusetts law, you have to show that the defendant intended the conduct. So, for example, a defendant who is swinging a bat or swinging a knife around wildly in an enclosed space with people around, is intending that conduct. He or she may not be intending to strike any particular victim or may not be intending any particular harm, but that person is not accidentally, within the meaning of Castleman and Leocal, that is not the accidental exercise of force. It is what Leocal talked about. It has to be the act of employment of force, and the requirement that the conduct be intentional satisfies that element. Once again, it may not be intentional with respect to any particular victim or the harm, but what Leocal was responding to was the government's argument that no mens rea was required at all. Now, is that position that you're taking now, I understand why you say it's consistent with Leocal, is that consistent with the other ten circuits that have found a problem with recklessness? It is because the cases in which they've talked about recklessness, my understanding is those have all been statutes involving mere recklessness, where there has not been this additional element required that the defendant intended the conduct. As we noted in our 28J letter, that's exactly the distinction the Ninth Circuit picked up on in their recent decision distinguishing the Rhode Island reckless theory, which also uses the terminology wanton and reckless, from the Massachusetts. The Ninth Circuit put Rhode Island in the category of extreme indifference recklessness because the Supreme Court has said that wanton is the functional equivalent of reckless, and there was no further clarification. They noted that Massachusetts law defines the reckless theory as being the equivalent or equates it with intentional conduct. And as I noted, the juror under the reckless theory has to find that the defendant acted or that the conduct itself was intentional. And by that you mean the conduct of the swinging? Yes. In your hypothetical? Right. And in our view, that constitutes the act of employment. And what's the recklessness aspect on your theory? So I intend to swing the dangerous weapon. Right. And where does recklessness come in? Recklessness comes in both with respect to you don't have to necessarily intend the touching itself under Massachusetts law or the resulting harm. So how does that fit with the against another? In other words, when I intend to swing, you don't have to show I intend to swing it so that force would be used against another. But the text of the provision seems to require that it be intended use against another. So that's where I'm having trouble. Well, it does require that. And I guess my response to Judge Barron is that I don't think that under the reckless theory, the question is does it have a sufficient mens rea. That itself is informed by Leocal, which says it has to be the act of employment of force. It can't just be accidental. Against another. But you seem to be saying all it has to be is that it was intended that I did conduct. But I'm asking why isn't it that it would seem to me that it has to be intended that I'm doing conduct that will be using force against another. But if I understand you say that you don't have to show that intention. I don't think you have to show that under our reading of Leocal. The mens rea doesn't have to be both. That it doesn't have to be both with respect to the conduct and that it be intended as to any particular person. Now, and I would just add in this regard that this is, in fact, consistent with what this court long ago said in Amm. Because in Amm, this court, in looking at the question. It didn't address Leocal or these issues. It was a pro se brief that said it was sort of dealing at some error. That's absolutely correct. The only point I'd note is that what this court additionally said in Wendleton was that, in a footnote, it noted that and said that whether we had to revisit it wasn't at issue in that particular decision. Which I would suggest certainly is clear that Amm has not been, or this court has never said that Amm has been overruled in that regard. So our argument is consistent with Amm. This element, I would suggest, distinguishes Massachusetts case law from mere recklessness. And again, I'd point out the other cases have involved statutes which do involve mere recklessness. It doesn't have this additional element. And one final point, because I know that both Judge Turay and Judge Lynch were on the Holloway panel, where this issue came up. I would point out that it's distinct there as well, because when we talked about the reckless theory in Holloway with respect to assault and battery, it was under the residual clause. So you're talking about something that might, a serious risk of potential injury to another. So the focus there on the mens rea was different than the focus under lea cal as to whether or not there is the act of employment of force. So I would just add that, in our view, our argument here is consistent as well with this court's decision in Holloway. The third crime here is resisting arrest? Yes. Could you just help me understand why that's clearly divisible? I understand that you distinguish between two parts of resisting arrest. That's right. So when this court first looked at resisting arrest, and I believe it was the Almanis decision, and as distinct from ABDW, which is a common law defined by case law, actually resisting arrest is separately defined by statute. So there are two separate forms. And Almanis said the first form qualifies under the force clause, and the second clause qualifies under the decision. And Almanis is our decision, right? I'm sorry? Almanis is our decision. Yes. But I guess I'm asking, is there any guidance under state law whether state law, in fact, requires separate instruction between the two theories, whether there has to be jury unanimity, whether, in fact, those are elements? Because what Justice Alito points out in the camp is you can't tell necessarily from the face of a statute whether they're talking about elements or means. And I can't tell from the face of the resisting arrest statute whether that's elements or means. My understanding, and certainly I'll supplement this with a letter if I'm incorrect, but my understanding is that Massachusetts case law does set them out separately as elements. Thank you, counsel. Thank you. Ms. Bissinger. Thank you, Your Honor. First, on the resisting arrest, the district court jury instructions provide that the Commonwealth has to prove that the defendant prevented or attempted to prevent a police officer from making an arrest, acted under color of authority, defendant resisted either by using or threatening to use physical force or violence or by using some other means. It doesn't seem to require that the jury choose between the two. Which would mean it would be overbroad on your theory, taking the government's concession, that part of it is not qualifying. In terms of the mens rea for assault and battery with a dangerous weapon, in Fish this court did address ABDW even though it was under section 16, which is very similar to the definitions in the guidelines in the ACC. It only adds against the person or property of another. And this court there found that, looking at Leocal, that recklessness was not a sufficient mens rea. And I think that the Fish analysis is one that this court should adopt for ABDW. In terms of Massachusetts' definition of recklessness, I suggest the court take a look at Commonwealth v. Welch, which described the reckless form of assault and battery, and talked about the lack of intent that is actually required under that theory, and that the court is requiring the demonstrable physical injury as a substitute, so that as a legal fiction, they say actual intent to commit the crime is not present, but may as a legal fiction be inferred from the nature of the act and its actual results, emphasizing the actual results. So I think that that is further support for finding that recklessness is not enough. Swinging a bat around doesn't mean that you are acting, employing force, using force against the person of another. And it's the force that has to be the driving force, so to speak, in the elemental provision, not simply whether there is physical injury. Counsel, your brother said that they did not brief some of these divisibility issues because it was not raised either in your brief to this court or below. Is that correct? It was not raised in the initial briefs. That is correct. Nor was it raised below. Thank you. Just so I understand, is that because of Johnson? Is that your reason for not doing it? I just thought it was the residual clause controlled, and therefore it wasn't. The opening briefs were filed before Johnson was decided, and we argued that And the divisibility issues are then raised in the reply brief alone? Yes, because they come into play after the Johnson decision brings in the questions under DECOM. Thank you.